# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 23-cv-03270-NYW-SBP

ANASA KAJUNJU,

    Plaintiff,

v.

IMAGINE!,
REBECCA NOVINGER,
KIM CORTES,
JODI WALTERS, and,
MONICA HOFFMAN,

    Defendants.

---

## ORDER ADOPTING RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Susan B. Prose, issued on June 24, 2025 ("the Recommendation"). [Doc. 63]. Judge Prose recommends that this Court grant the Motion to Dismiss Plaintiff's Second Amended Complaint from Defendant Imagine! ("Imagine! Motion"), [Doc. 46, filed November 25, 2024], and the Motion to Dismiss Plaintiff's Second Amended Complaint from Defendants Rebecca Novingier,[1] Kim Cortes, Jodi Walters, and Monica Hoffman (collectively with the Imagine! Motion, the "Motions to Dismiss"), [Doc. 56, filed December

---

[1] Plaintiff's Complaint for Violation of Civil Rights ("Second Amended Complaint") and the case caption identify "Rebecca Novinger" as a Defendant. *See* [Doc. 30 at 1]. However, the Motion to Dismiss Plaintiff's Second Amended Complaint from Defendants Rebecca Novingier, Kim Cortes, Jodi Walters, and Monica Hoffman identifies "Rebecca Novingier." *See* [Doc. 56 at 1]. The Court attributes Plaintiff's spelling of "Novinger" in the Second Amended Complaint to a typographical error and will instead use "Novingier" throughout this Order.

26, 2024]. For the reasons set forth below, the Court respectfully **ADOPTS** the Recommendation and **GRANTS** the Motions to Dismiss.

Judge Prose outlines the facts of this case in detail in the Recommendation, and the Court will not repeat them here. [Doc. 63 at 2–5]. Judge Prose recommends this Court grant the Motions to Dismiss. [*Id.* at 1]. The Recommendation states that objections to the Recommendation must be filed within 14 days after its service on the Parties. [*Id.* at 17 n.3]; see also 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). The Recommendation was mailed to Plaintiff on July 17, 2025.[2] [Doc. 64]. No Party has objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. See *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); see also *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court has therefore reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[3] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court concludes that the Recommendation is thorough, well-reasoned, and a correct application

---

[2] The Recommendation was mailed on June 24, 2025, and the docket entry for the Recommendation states that objections were due by July 8, 2025. [Doc. 63]. However, out of an abundance of caution, the Court mailed the Recommendation again, filed a Certificate of Service on July 17, 2025, [Doc. 64], and extended the deadline for objections to July 31, 2025, [Doc. 65]. In either case, the time to file objections has elapsed.

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

of the facts and the law. Accordingly, the Court respectfully **ADOPTS** the Recommendation and **GRANTS** the Motions to Dismiss.

Accordingly, it is **ORDERED** that:

(1) The Recommendation of United States Magistrate Judge [Doc. 63] is **ADOPTED**;

(2) The Motion to Dismiss Plaintiff's Second Amended Complaint from Defendant Imagine! [Doc. 46] is respectfully **GRANTED**;

(3) The Motion to Dismiss the Second Amended Complaint from Defendants Rebecca Novingier, Kim Cortes, Jodi Walters, and Monica Hoffman [Doc. 56] is respectfully **GRANTED**;

(4) Plaintiff's Complaint for Violation of Civil Rights [Doc. 30] is respectfully **DISMISSED without prejudice**;

(5) The Court declines to award costs under D.C.COLO.LCivR 54.1;[4]

(6) The Clerk of Court is **DIRECTED to TERMINATE** the case; and

(7) The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff:

> Anasa Kajunju
> 1505 Findlay Way
> Boulder, CO 80305

---

[4] Costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), but the district court may in its discretion decline to award costs where a "valid reason" exists for the decision, *see, e.g.*, *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). Plaintiff is a pro se litigant who requested the appointment of counsel three times, indicating that her economic status has made it difficult to obtain counsel. [Doc. 4 ("It is challenging with [Social Security Income], to secure an attorney."); Doc. 16 (same); Doc. 17 (requesting "counsel for indigent representation")]. Accordingly, the Court declines to award costs on that basis. *Shapiro v. Rynek*, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) ("[A] district court does not abuse its discretion in denying costs when . . . the non-prevailing party is indigent." (citation omitted)).

DATED:  August 26, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge